Peter K. **BROS, et al., Plaintiffs,**

v.

Donald M. **CULVER, et al., Defendants.**

Civ. A. No. 86–1060.

United States District Court,
District of Columbia.

Jan. 5, 1987.

Allan I. Mendelsohn, Marvin L. Szymkowicz, Ward & Mendelsohn, Washington, D.C., for plaintiffs.

Alan Y. Lowcher, Kendrick Law Offices, Washington, D.C., for defendants.

### MEMORANDUM

HAROLD H. GREENE, District Judge.

In this case, plaintiffs bring an action for common law fraud and violations of the Racketeer Influence and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961–1968. Defendants have moved to dismiss on various grounds, among them the failure to

allege a pattern of racketeering activity as defined in 18 U.S.C. § 1961. The Court finds that plaintiffs have indeed failed to allege the existence of such a pattern, and this case will therefore be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

## I

On or about April 18, 1983, plaintiff Coach House Cars[2] entered into an agreement to lease space from defendant CBH, Inc., for five years. The space, at 55 K Street, S.E., in Washington, D.C., would be used to store antique and collector's cars. According to the complaint, which for the purposes of this motion the Court takes as true, *see, e.g., Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), plaintiffs informed defendant Donald Culver that the premises had to be weatherproof. In response, Culver assured plaintiffs that the roof would not leak and that it had recently been upgraded, and indeed, that the lease included a provision in which the lessor agreed to maintain and repair the roof. During the fall of 1983, however, rain leaked through the roof and damaged Coach House's cars. According to the complaint, defendant Culver had been warned that the roof was worn out, but failed to repair it.

Plaintiffs allege that defendants engaged in a pattern of racketeering activity that included telephone calls during the lease negotiations, and phone calls and letters after the negotiations that were "intended to obtain money from plaintiffs by means of false and fraudulent pretenses."[3] At oral argument on this motion, plaintiffs' attorney explained that these letters were attempts by defendants to collect payment on the lease. It is these activities by de-

fendants that are claimed to constitute racketeering redressable under RICO.

## II

Section 1962 of RICO prohibits participation in an enterprise engaged in interstate commerce "through a pattern of racketeering activity." Exactly what constitutes such a pattern is the subject of substantial debate among the Circuits since the Supreme Court declined to decide the question in *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). In that case, the Court reiterated that RICO *"requires* at least two acts of racketeering activity," *see* 18 U.S.C. § 1961(5), but that two acts might not be sufficient to form a pattern in all cases. *Sedima*, 105 S.Ct. at 3285 n. 14. "The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern," the Court said, and went on to quote the Senate report:

> The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one "racketeering activity" and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern.

*Id.* (quoting S.Rep. No. 91–617, at 158 (1969)). The Court then went on to quote a later provision of the same bill that produced RICO: "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* (quoting 18 U.S.C. § 3575(e)).

---

**1.** The common law fraud claim was or is properly pending in the D.C. Superior Court. That claim is before this Court pursuant solely to its pendent jurisdiction, and will hereby be dismissed along with the federal claim. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

**2.** As defendants correctly point out in their motion to dismiss, plaintiffs Peter K. and Cecilia K.

Bros lack standing to bring this action. As shareholders asserting injury to their corporation, these plaintiffs must sue instead in a derivative action. *See Warren v. Manufacturers National Bank*, 759 F.2d 542 (6th Cir.1985). Plaintiffs do not appear now to dispute this point.

**3.** Plaintiffs' Amended Complaint at ¶ 29.

Since *Sedima,* courts have continued to struggle for a more precise definition. Just two months ago, the Seventh Circuit examined the issue in *Morgan v. Bank of Waukegan,* 804 F.2d 970 (7th Cir.1986). In *Morgan,* individual defendants had formed a series of corporations in which they induced plaintiffs to invest. They also induced plaintiffs to guarantee loans in the venture, in part with the equity in their home. The Bank of Waukegan then lent money to the venture, requiring plaintiffs to convey an interest in their home as credit for the loans. The venture defaulted and, according to plaintiffs, the individual defendants removed the assets with the Bank's consent. Without belaboring the details, it should be noted that the "same scenario was repeated seventeen months later." *Morgan,* at 972.

In its decision, the Seventh Circuit reviewed the basic conflict among the Circuits on this issue. The Eighth Circuit, for example, has ruled that where the predicate acts are all committed in furtherance of a single scheme the pattern requirement is not met. *Superior Oil Co. v. Fulmer,* 785 F.2d 252, 257 (8th Cir.1986). The Eleventh Circuit, meanwhile, has ruled that more than one scheme is not necessary to satisfy the pattern requirement, as long as plaintiffs allege more than one violation of RICO. *Bank of America v. Touche Ross & Co.,* 782 F.2d 966, 971 (11th Cir.1986).

The *Morgan* court took what it considered to be the middle ground, ruling that in order to constitute a pattern, "the predicate acts must be ongoing over an identified period of time so that they can fairly be viewed as constituting separate transactions, i.e., 'transactions "somewhat separated in time and place." ' " *Morgan,* at 976–77. Relevant factors, said the court, include the number and variety of acts, the length of time over which they were committed, the number of victims, the presence of separate schemes and distinct injuries. *Id.* at 977. The court made it clear, however, that the existence of separate schemes is not a prerequisite to the finding of a pattern, since such a requirement would allow defendants who commit a single, large and continuous scheme to escape RICO liability. *Id.* at 976. Finding that plaintiffs had allegedly committed distinct acts of mail fraud over several years, related to two separate foreclosure sales, the *Morgan* court ruled that plaintiffs had satisfied the pattern requirement.

The Court of Appeals for this Circuit has not yet issued its interpretation of the pattern requirement, although it has acknowledged the Supreme Court's comments on the problem. *See Berg v. First American Bankshares, Inc.,* 796 F.2d 489 (D.C.Cir. 1986). At least one judge in this district has, however, already adopted the Seventh Circuit's "separate transaction" approach. *See Barlow v. McLeod,* C.A. No. 85–0022 (D.D.C. Dec. 2, 1986) (Flannery, J.) (plaintiffs failed to meet pattern requirement since alleged acts constituted only one transaction, even though a number of phone calls were made and a number of letters were mailed). The *Barlow* court explained the "separate transaction" rule is a reasonable interpretation of the pattern requirement, one that will allow courts to dismiss some so-called "garden variety" fraud cases without excluding large-scale fraudulent activity that technically falls within a single scheme.

Although it is tempting to say that the instant case would be properly dismissed under any approach, this might, in fact, not be true. Like plaintiffs in the Eleventh Circuit's *Bank of America* case, plaintiffs here have alleged separate violations of 18 U.S.C. § 1341 (mail fraud) and section 1343 (wire fraud). *See* 782 F.2d at 971. Consequently, this case could not be dismissed under the Eleventh Circuit's "separate violation" approach.

However, in the view of this Court, such an approach would by unduly broad in light of the facts of this case and the purpose of the statute. Although RICO is to be "liberally construed to effectuate its remedial purposes," Pub.L. 91–452 § 904(a), 84 Stat. 947, it certainly is not the purpose of RICO to provide relief for every tenant who has a dispute with his landlord. Like the plain-

tiffs in *Barlow*, plaintiffs in the instant case have clearly failed to allege any pattern of racketeering activity. At best, plaintiffs have alleged that defendant Donald Culver made several telephone calls to Mrs. Bros of Coach House Cars, misrepresenting the condition of the roof at 55 K Street, S.E. These calls all were part of a single transaction, the leasing of the premises, and certainly would have been in execution of only one fraudulent scheme. Ultimately, some months later, defendants presumably capped off this "pattern" of fraudulent activity by sending four letters requesting the payment of rent. Like the acts in *Barlow*, these acts occurred over a short period of time, victimized only one set of individuals (the plaintiffs), resulted in only one injury, and related only to a single act. As the court commented in *Barlow*:

> The mere fact that to effect this transaction a number of phone calls had to be made and a number of letters mailed, does not make these predicate acts a series of separate transactions distinct in time and place. There is no threat here of continuing criminal activity, and it is important to remember that RICO was intended to deal with such a threat—not with one instance of fraud with a single victim.

*Barlow*, Memorandum at 12.

In sum, plaintiffs have failed to allege the existence of a pattern of racketeering activity, as required by 18 U.S.C. § 1962, according to the "separate transaction" approach ennounced by the Seventh Circuit in *Morgan* which this Court hereby adopts.

This action will accordingly be dismissed with prejudice.